1  **JOSEPH M. MCMULLEN**
   California State Bar No. 246757
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California 92101-5030
   Telephone: (619) 234-8467
4  Facsimile: (619) 687-2666
   Email: Joseph_McMullen@fd.org
5

6  Attorneys for Mr. Esquivel-Guzman

7

8                    UNITED STATES DISTRICT COURT

9                   SOUTHERN DISTRICT OF CALIFORNIA

10                    (**HONORABLE WILLIAM Q. HAYES**)

11

| 12 | UNITED STATES OF AMERICA, | ) | CASE NO. 08CR1892-WQH |
|---|---|---|---|
| 13 | Plaintiff, | ) | DATE: July 21, 2008 |
| 14 | v. | ) | TIME: 2:00 P.M. |
| 15 | RICARDO ESQUIVEL-GUZMAN, | ) | NOTICE OF MOTIONS AND MOTIONS: |
| 16 | Defendant. | ) | (1) TO COMPEL DISCOVERY/ PRESERVE EVIDENCE; |
| 17 |  | ) | (2) TO PRESERVE AND RE-WEIGH NARCOTIC EVIDENCE; |
| 18 |  | ) | (3) TO DISMISS THE INDICTMENT DUE TO MISINSTRUCTION OF THE GRAND JURY; AND |
| 19 |  | ) | (4) TO GRANT LEAVE TO FILE FURTHER MOTIONS. |

21

22  **TO:  KAREN P. HEWITT, UNITED STATES ATTORNEY, AND
        DAVID LESHNER, ASSISTANT UNITED STATES ATTORNEY:**
23

24      PLEASE TAKE NOTICE that on July 21, 2008, at 2:00 p.m. or as soon thereafter as counsel

25  may be heard, the defendant, Ricardo Esquivel-Guzman, by and through his counsel, Joseph M.

26  McMullen and Federal Defenders of San Diego, Inc., will ask this Court to enter an order granting

27  the following motions.

28  //

## MOTIONS

The defendant, Ricardo Esquivel-Guzman, by and through his attorneys, Joseph M. McMullen and Federal Defenders of San Diego, Inc., pursuant to the United States Constitution, the Federal Rules of Criminal Procedure, and all other applicable statutes, case law and local rules, hereby moves this Court for an order:

1) to compel discovery/preserve evidence;
2) to preserve and re-weigh narcotic evidence;
3) to dismiss the Indictment due to misinstruction of the Grand Jury; and,
4) for leave to file further motions.

These motions are based upon the instant motions and notice of motions, the attached statement of facts and memorandum of points and authorities, and all other materials that may come to this Court's attention at the time of the hearing on these motions.

Respectfully submitted,

Dated: June 26, 2008

*/s/ Joseph M. McMullen*
**JOSEPH M. MCMULLEN**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Esquivel-Guzman

08CR1892-WQH

**JOSEPH M. MCMULLEN**
California State Bar No. 246757
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467
Facsimile: (619) 687-2666
Email: Joseph_McMullen@fd.org

Attorneys for Mr. Esquivel-Guzman

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE WILLIAM Q. HAYES**)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 08CR1892-WQH |
| Plaintiff, | DATE: July 21, 2008<br>TIME: 2:00 P.M. |
| v. | |
| RICARDO ESQUIVEL-GUZMAN, | STATEMENT OF FACTS AND<br>MEMORANDUM OF POINTS AND |
| Defendant. | AUTHORITIES IN SUPPORT OF<br>DEFENDANT'S MOTIONS. |

**I.**

**STATEMENT OF FACTS**[1]

On May 24, 2008, Mr. Esquivel-Guzman entered the United States from Mexico through the Otay Mesa Port of Entry driving a 2000 Ford Windstar along with his wife, Bertha Esquivel. After a Narcotic Detector Dog alerted to the minivan, officers discovered 16.54 kilograms of marijuana concealed inside the interior paneling. Mr. Esquivel-Guzman and his wife were taken into custody and interrogated. Mr. Esquivel-Guzman declined to make a statement. Mrs. Esquivel-Guzman made an exculpatory statement to the officers regarding herself and her husband and was released.

---

[1] Most of this statement of facts is based on information provided by the government. Mr. Esquivel-Guzman does not admit its accuracy and reserves the right to challenge it at a later time.

08CR1892-WQH

1    On June 10, 2008, Mr. Esquivel-Guzman was arraigned on a two-count indictment charging him with importation of marijuana and possession of marijuana with intent to distribute, in violation of 21 U.S.C. §§ 841, 952, and 960. He entered a plea of not guilty.

## II.

## MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

At this time Mr. Esquivel-Guzman has received only **23 pages** of discovery and requests the following additional discovery materials. His request is not limited to those items that the prosecutor knows of. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989); United States v. Jernigan, No. 05-10086, at *6 (9th Cir. July 9, 2007) (en banc).

(1) Brady Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976). **In particular, Mr. Esquivel-Guzman requests production of any video, audio, or written reproduction of the exculpatory statement offered by Mrs. Esquivel-Guzman at the time of her husband's arrest, as well as any written summary or description thereof prepared by government agents.**

(2) Any Proposed 404(b) Evidence. The government must produce evidence of prior similar acts under FED. R. CRIM. P. 16(a)(1) and FED. R. EVID. 404(b) and any prior convictions which would be used to impeach as noted in FED. R. CRIM. P. 609. In addition, under FED. R. EVID. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests such notice two weeks before trial in order to give the defense time adequately to investigate and prepare for trial.

(3) Evidence Seized. The defendant requests production of evidence seized as a result of any search. FED. R. CRIM. P. 16(a)(1)(E). He wishes to inspect the evidence before trial.

1 **Specifically, the defense requests the opportunity to inspect the 2000 Ford Windstar seized**
2 **in this case. In addition, the defense wishes to inspect the 16.54 kilograms of marijuana**
3 **allegedly found in the seized vehicle.** See Section III, below. **A proposed preservation order**
4 **has been electronically mailed to the Court for the Court's signature.**

(4) <u>Request for Preservation of Evidence</u>. The defendant specifically requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the possession, custody, or care of the government and which relates to the arrest or the events leading to the arrest in this case. This request includes, but is not limited to, any samples of narcotics used to run any scientific tests, any narcotics, the results of any fingerprint analysis, the vehicle which the defendant drove, the defendant's personal effects, and any evidence seized from the defendant or any third party.

In addition, Mr. Esquivel-Guzman specifically requests that the Assistant United States Attorney assigned to this case oversee a review of all personnel files of each agent involved in the present case for impeachment material. <u>Kyles v. Whitley</u>, 115 S. Ct. 1555 (1995); <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991); <u>but see</u> <u>United States v. Herring</u>, 83 F.3d 1120 (9th Cir. 1996).

(5) <u>Tangible Objects</u>. The defendant seeks to inspect and copy as well as test, if necessary, all other documents and tangible objects, including photographs, books, papers, documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are material to the defense or intended for use in the government's case-in-chief or were obtained from or belong to the defendant. FED. R. CRIM. P. 16(a)(1)(E). **A proposed preservation order has been electronically mailed to the Court for the Court's signature.**

(6) <u>Expert Witnesses</u>. The defendant requests the name, qualifications, and a written summary of the testimony of any person that the government intends to call as an expert witness during its case in chief. FED. R. CRIM. P. 16(a)(1)(G).

(7) <u>Evidence of Bias or Motive to Lie</u>. The defendant requests any evidence that any prospective government witness is biased or prejudiced against the defendant, or has a motive to falsify or distort his testimony.

1  (8) <u>Impeachment Evidence</u>. The defendant requests any evidence that any prospective government witness has engaged in any criminal act, whether or not resulting in a conviction, and whether any witness has made a statement favorable to the defendant. <u>See</u> FED. R. EVID. 608, 609 and 613; <u>Brady v. Maryland</u>.

(9) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defendant requests any evidence that any prospective witness is under investigation by federal, state or local authorities for any criminal conduct.

(10) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth Telling</u>. The defense requests any evidence, including any medical or psychiatric report or evaluation, that tends to show that any prospective witness' ability to perceive, remember, communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic.

(11) <u>Witness Addresses</u>. The defendant requests the name and last known address of each prospective government witness. The defendant also requests the name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will <u>not</u> be called as a government witness.

(12) <u>Name of Witnesses Favorable to the Defendant</u>. The defendant requests the name of any witness who made an arguably favorable statement concerning the defendant.

(13) <u>Statements Relevant to the Defense</u>. The defendant requests disclosure of any statement relevant to any possible defense or contention that he might assert.

(14) <u>Jencks Act Material</u>. The defendant requests production in advance of trial of all material, including dispatch tapes, which the government must produce pursuant to the Jencks Act, 18 U.S.C. § 3500. Advance production will avoid the possibility of delay at the request of defendant to investigate the Jencks material.

(15) <u>Giglio Information</u>. Under <u>Giglio v. United States</u>, 405 U.S. 150 (1972), the defendant requests all statements and/or promises, express or implied, made to any government witnesses, in exchange for their testimony in this case, and all other information which could arguably be used for the impeachment of any government witnesses.

1       (16) <u>Scientific and Other Information</u>. To the extent not already provided, the defendant requests the results of any scientific or other tests or examinations, including testing done on the alleged marijuana. <u>See</u> Rule 16(a)(1)(F).

       (17) <u>Informants and Cooperating Witnesses</u>. The defense requests disclosure of the name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used in this case, and in particular, disclosure of any informant who was a percipient witness in this case or otherwise participated in the charged crime. <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957). The government must disclose any information derived from informants which exculpates or tends to exculpate the defendant. <u>Brady v. Maryland</u>, 373 U.S. 83 (1963). The government must disclose any information indicating bias on the part of any informant or cooperating witness. <u>Id.</u>

       (18) <u>Personnel Records of Government Officers Involved in the Arrest</u>. Mr. Esquivel-Guzman specifically requests all citizen complaints and other related internal affairs documents involving any of the Customs officers or other law enforcement officers who were involved in the investigation, arrest and interrogation of his, pursuant to <u>Pitchess v. Superior Court</u>, 11 Cal. 3d 531, 539 (1974). Because of the sensitive nature of these documents, defense counsel will not be able to procure them from any other source.

       (19) <u>Government Examination of Law Enforcement Personnel Files</u>. The defendant requests that the Government examine the personnel files and any other files within its custody, care or control, or which could be obtained by the government, for all testifying witnesses, including testifying officers. He requests that these files be reviewed by the Government attorney for evidence of perjurious conduct or other like dishonesty, or any other material relevant to impeachment, or any information that is exculpatory, pursuant to its duty under <u>United States v. Henthorn</u>, 931 F.2d 29 (9th Cir. 1991). Only the prosecutor has the legal knowledge and ethical obligations to fully comply with this request.

       (20) <u>Training of Border Patrol and DEA Agents.</u> The defendant requests copies of any and all written policies and/or training manuals issued by the Department of Homeland Security to their employees regarding: (1) the handling of vehicles suspected to be transporting illegal contraband near or to the border; (2) the detention of individuals within those vehicles

1  suspected of carrying contraband; and (3) the search of those vehicles and the occupants of those
2  vehicles.
3    (21) <u>Residual Request</u>. Mr. Esquivel-Guzman intends by this discovery motion to
4  invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal
5  Procedure and the Constitution and laws of the United States. Mr. Esquivel-Guzman requests that
6  the government provide him with the above requested material sufficiently in advance of trial to
7  avoid unnecessary delay prior to cross-examination.

## III.

## MOTION TO PRESERVE AND RE-WEIGH NARCOTIC EVIDENCE

10    Mr. Esquivel-Guzman requests an order for the U.S. Government and its agents to
11  preserve the narcotic evidence in this case and permit the defense to re-weigh any narcotic
12  evidence. For the Court's convenience, a proposed order is attached to these motions.

## IV.

## MOTION TO DISMISS THE INDICTMENT DUE TO MISINSTRUCTION OF THE GRAND JURY

16    Mr. Esquivel-Guzman recognizes that his argument below has been rejected by an en
17  banc court of the Ninth Circuit. <u>See</u> <u>United States v. Navarro-Vargas</u>, 408 F.3d 1184 (9th Cir.
18  2005) (en banc), <u>cert. denied</u>, <u>Navarro-Vargas v. United States</u>, 126 S. Ct. 736 (2005).
19  Mr. Esquivel-Guzman nonetheless raises it to preserve the issue.
20    Mr. Esquivel-Guzman moves to dismiss the Indictment due to misinstruction of the
21  Grand Jury. Mr. Esquivel-Guzman's arguments are essentially those set out in Judge Hawkins'
22  dissent in <u>United States v. Marcucci</u>, 299 F.3d 1156 (9th Cir. 2002), <u>cert. denied</u>, 1538 U.S. 934
23  (2003), Judge Kozinski's dissent in <u>United States v. Navarro-Vargas</u>, 367 F.3d 896 (9th Cir. 2004),
24  <u>opinion</u> <u>vacated</u> <u>by</u> <u>United States v. Navarro-Vargas</u>, 367 F.3d 920 (9th Cir. 2004), and Judge
25  Hawkins' dissent in <u>United States v. Navarro-Vargas</u>, 408 F.3d 1184 (9th Cir. 2005) (en banc).
26  Mr. Esquivel-Guzman incorporates those arguments by reference. However, if the Court would
27  like further briefing on this issue, Mr. Esquivel-Guzman is willing to provide it.
28  //

//

## V.

## **LEAVE TO FILE FURTHER MOTIONS**

At this time Mr. Esquivel-Guzman has received only **23 pages** of discovery. As new information surfaces – via discovery provided by government, defense investigation, or an order of this court – the defense may need to file further motions, or to supplement existing motions. For this reason, defense counsel requests leave to file further motions.

## VI.

## **CONCLUSION**

For the reasons stated, Mr. Esquivel-Guzman requests that this Court grant his motions.

Respectfully Submitted,

Dated: June 26, 2008

*/s/ Joseph M. McMullen*
**JOSEPH M. MCMULLEN**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Esquivel-Guzman

# **CERTIFICATE OF SERVICE**

Counsel for Defendant certifies that the foregoing pleading is true and accurate to the best of his information and belief, and that a copy of the foregoing document has been served this day upon:

**David Leshner**
David.Leshner@usdoj.gov; efile.dkt.gc1@usdoj.gov

Dated: June 26, 2008           */s/ Joseph McMullen*
                               JOSEPH McMULLEN
                               Federal Defenders of San Diego, Inc.
                               225 Broadway, Suite 900
                               San Diego, CA 92101-5030
                               (619) 234-8467  (tel)
                               (619) 687-2666  (fax)
                               e-mail: Joseph_McMullen@fd.org